United States District Court
Southern District of Texas
FILED

FEB 0 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVOPHARM HOLDINGS, INC. and | § | |
| NOVOPHARM LIMITED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02- 016 |
| | § | |
| LIBERTY INTERNATIONAL CANADA | § | JURY DEMANDED |
| and LIBERTY MUTUAL INSURANCE | § | |
| COMPANY | § | |

## NOTICE OF REMOVAL

LIBERTY INTERNATIONAL CANADA ("LIC") and LIBERTY MUTUAL INSURANCE COMPANY ("LMIC") file this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441 and 1446, and state the following:

**1.**

This case was filed by Plaintiffs on February 13, 2001, in the 107th Judicial District Court of Cameron County, Texas. The case was assigned Cause No. 2001-02-750-A (*see* Plaintiffs' Original Petition attached hereto as Exhibit "A"). Plaintiffs' Original Petition alleges various state law causes of action related to the alleged denial of insurance coverage by Defendants.

**2.**

Plaintiffs' Original Petition was first served on Defendant LIC on January 14, 2002.

**3.**

Plaintiffs' Original Petition was first served on Defendant LMIC on or after January 8, 2002.

31505.1

**4.**

This Notice of Removal is filed within thirty (30) days of receipt of the first service of Plaintiffs' Original Petition upon the Defendants, and is therefore timely filed under 28 U.S.C. §1446(b).

**5.**

Plaintiffs' Original Petition establishes that there is complete diversity of citizenship between the parties, as follows:

a.    According to the allegations in Plaintiffs' Original Petition, Plaintiff Novopharm Holdings, Inc. is a corporation duly formed and organized under the laws of the State of Delaware.   Therefore, it may be reasonably concluded that this corporation is a citizen of the State of Delaware.

b.    According to the allegations in Plaintiffs' Original Petition, Plaintiff Novopharm Limited is a corporation duly formed and organized under the laws of Canada. Therefore, it may be reasonably concluded that this corporation is a citizen of Canada.

c.    According to the allegations in Plaintiffs' Original Petition, Defendant LIC is an insurance company organized under the laws of Canada and can be served at its place of business in Toronto, Ontario, Canada. This Defendant would show that it is not a separate company but rather a division of LMIC.  LIC's place of business is indeed located in Canada.

d.    According to the allegations in Plaintiffs' Original Petition, Defendant LMIC is an insurance company and can be served at its place of business in the State of Massachusetts.   This Defendant would additionally show that it is also

- 2 -

incorporated in the State of Massachusetts. Therefore, this corporation is a citizen of the State of Massachusetts.

**6.**

Based on the foregoing allegations in Plaintiffs' Original Petition, the United States citizens that are parties to this case are citizens of different States, and none of the Defendants are citizens of the State of Texas. Accordingly, there is complete diversity of citizenship between the parties.[1]

**7.**

The amount in controversy, exclusive of costs, is reasonably certain to exceed $75,000.

**8.**

This Court has original jurisdiction of this case pursuant to 28 U.S.C. §1332. This case may be removed to this Court pursuant to 28 U.S.C. §1441.

**9.**

Defendants have given notice of this removal to Plaintiffs and to the 107th Judicial District Court of Cameron County, Texas.

For the foregoing reasons, Defendants Liberty International Canada and Liberty Mutual Insurance Company request that this Court place this case on the docket of the United States District Court for the Southern District of Texas, Brownsville Division.

---

[1] The citizenship of the non-U.S. organizations that are parties to this case is not material to the determination of the existence of diversity of citizenship under 28 U.S.C. § 1332(a)(3). *See, e.g., Dresser Industries, Inc. v. Underwriters of Lloyd's of London*, 106 F.3d 494 (3rd Cir. 1997).

31505.1

Respectfully submitted,

Martin S. Schexnayder
Federal I.D. No. 15146
State Bar No. 17745610

Attorney-in-Charge for Defendants
Liberty International Canada and Liberty
Mutual Insurance Company

OF COUNSEL:

WILSON, ELSER, MOSKOWITZ,
     EDELMAN & DICKER LLP

6363 Woodway, Suite 750
Houston, Texas  77057
713/785-7778
713/785-7780 - Fax

31505.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been forwarded to all counsel of record pursuant to Federal Rules of Civil Procedure on this the _31 st_ day of January, 2002.

_Martin S. Schexnayder_
Martin S. Schexnayder

31505.1

# CERTIFIED COPY

CAUSE NO. *2001-02-750-A*

| | | |
|---|---|---|
| NOVOPHARM HOLDINGS, INC. and | * | IN THE DISTRICT COURT |
| NOVOPHARM LIMITED | * | |
| | * | |
| VS. | * | CAMERON COUNTY, TEXAS |
| | * | |
| LIBERTY INTERNATIONAL CANADA | * | |
| and LIBERTY MUTUAL INSURANCE | * | *107* #*107* |
| COMPANY | * | _____ JUDICIAL DISTRICT |

FEB 13 2001

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW NOVOPHARM HOLDINGS, INC. and NOVOPHARM LIMITED, Plaintiffs in the above entitled and numbered cause, and file this their Original Petition, complaining of LIBERTY INTERNATIONAL CANADA and LIBERTY MUTUAL INSURANCE COMPANY, Defendants herein, and for cause would show the Court as follows:

### INTRODUCTION

### I.

This is a suit by Plaintiffs insureds against the liability carriers to recover actual damages for Defendants' negligence and gross negligence in refusing to defend the underlying lawsuit, for breach of contract, for violations of the Texas Deceptive Trade Practices Act, for violations of Art. 21.21, Texas Insurance Code, and for breach of their duty to defend and investigate the underlying lawsuit as more fully described below.

Defendants' misconduct constitutes breach of contract, negligence, gross negligence, violation of the Texas Deceptive Trade Practices Act, violation of Art. 21.21, Texas Insurance Code, and breach of the duty and covenant of good faith and fair dealing that Defendants owed to their insureds.

**CERTIFIED COPY**

## THE PARTIES

### II.

Plaintiff Novopharm Holdings, Inc. is a corporation duly formed and organized under the laws of the State of Delaware, and at all material times hereto, has been an insured of Defendant.

Plaintiff Novopharm Limited is a corporation duly formed and organized under the laws of Canada, and at all times material hereto, has been an insured of Defendant.

### III.

Defendant Liberty International Canada is an insurance company organized under the laws of Canada that does business throughout the State of Texas. Service of process may be made on Defendant by certified mail, return receipt requested, pursuant to Rule 106(a)(2), Texas Rules of Civil Procedure, as follows: Liberty International Canada, Suite 3320, Post Office Box 744, BCE place, 181 Bay Street, Toronto, Ontario M5J2T3.

Defendant Liberty Mutual Insurance Company is an insurance company that does business throughout the State of Texas. Service of process may be made on Defendant by certified mail, return receipt requested, pursuant to Rule 106(a)(2), Texas Rules of Civil Procedure, as follows: Liberty Mutual Insurance Company, 13 Riverside Road, Weston, Massachusetts 02493.

### IV.

At all times material hereto, Defendants had a duty to properly defend and investigate the underlying lawsuit, as well as a duty of good faith and fair dealing to Plaintiffs. Defendants, from the inception of this suit, placed their own interests ahead of the interest of the Plaintiffs so as to render the value of the insurer-insured relationship not only valueless, but a risk to Plaintiffs in light of the coverage promised.

CERTIFIED COPY

## VENUE

### V.

Venue is proper in Cameron County, Texas pursuant to §15.032, Tex. Civ. Prac. & Rem. Code. which provides that suit on an insurance policy may be brought in the county in which the loss occurred.

## DESCRIPTION OF INSURANCE POLICY

### VI.

At all times material hereto, Plaintiffs were insureds by and under the following liability insurance policy:

(1)     Directors and Officers Insurance Policy No. LNI-B71-070268, effective 2/28/99 through 12/31/99.

## THE UNDERLYING DAMAGE SUIT AGAINST PLAINTIFF

### VII.

On or about March 1, 2000, Plaintiff Novopharm Holdings, Inc. and Novopharm Limited, together with Certus Healthcare, L.L.C., David Rodriguez, and Dr. Ashok K. Gumbhir, were named as defendants in a purported class action lawsuit styled:  Joel Flores, Individually and On Behalf of All Others Similarly Situated v. Certus Healthcare, L.L.C., Novopharm Limited, David Rodriguez, Dr. Ashok K. Gumbhir, and Novopharm Holdings, Inc., filed in the 103rd Judicial District Court of Cameron County, Texas.  In said cause of action plaintiff seeks compensation for damages allegedly sustained by him as a proximate result of alleged negligence and other alleged wrongful acts which fall both within the "occurrence" definition and "wrongful acts" definition contained in the aforementioned policy.  The foregoing allegations are further alleged to have occurred during the applicable policy periods.  Plaintiffs' above described liability policy was in full force and effect during the alleged dates.

CERTIFIED COPY

VIII.

Notice of the suit was reported to Defendants by the insureds and a copy of Plaintiff's Original Petition was timely provided.  On August 24, 2000, Defendants forwarded a letter to Plaintiffs, both denying coverage and refusing a defense.  On October 13, 2000 Plaintiffs again requested that Defendants review the pleadings and coverage and tender a defense in the underlying lawsuit.  Defendants have refused to even acknowledge receipt of Plaintiffs' recent letter.

IX.

Plaintiffs have been forced by Defendants' failure and refusal to defend this case to undertake their own defense.  Defendants have wholly failed to investigate, advise, defend, fund, or protect Plaintiffs' interest in the above case.  Defendants were negligent and grossly negligent in refusing to tender a defense under the insurance policy in effect, in failing to investigate the claims made in the underlying lawsuit, and have thereby breached their duty of good faith and fair dealing to their insured.

X.

Due to Defendants' negligence, gross negligence, breach of contract, violations of the Texas Deceptive Trade Practices Act, violations of Art. 21.21 of the Texas Insurance Code, and breach of their duty of good faith and fair dealing, Plaintiffs insureds are needlessly exposed in an amount in excess of their policy limits in the underlying lawsuit in Cameron County, Texas, and additionally have been forced to employ their own counsel to defend them in this case, at great personal expense.

CAUSES OF ACTION

XI.

NEGLIGENCE

Plaintiffs sue Defendants for their negligence and gross negligence, which acts and/or omissions proximately caused damages to Plaintiff.

CERTIFIED COPY

## XII.

### BREACH OF CONTRACT

At all times material hereto, and with respect to the underlying case described above, Defendants breached provisions of the coverage document described above, which breach has caused damages to Plaintiffs.

## XIII.

### VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

At all times material hereto, and with respect to the underlying case described above, Defendants violated Sections 17.46 and 17.50 of the Texas Deceptive Trade Practices Act, including but not limited to, representing that goods or services have characteristics or benefits which they do not have, representing that goods or services are of a particular standard or quality if they are of another, failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose was intended to induce the consumer into a transaction which the consumer would not have entered, breach of express or implied warranty, unconscionable acts, and use or employment of acts and practices in violation of Article 21.21, Texas Insurance Code. These violations have caused damages to Plaintiffs.

## XIV.

### VIOLATIONS OF ART. 21.21, TEXAS INSURANCE CODE

Defendants' misconduct as hereinabove described violates Art. 21.21, Tex. Ins. Code, entitling Plaintiffs to actual damages, treble damages, and reasonable attorney's fees.

CERTIFIED COPY

XV.

## BREACH OF DEFENDANT'S DUTY OF GOOD FAITH AND FAIR DEALING

At all times material hereto, and with respect to the underlying case described above, Defendants breached their duty of good faith and fair dealing, which breach has caused damages to Plaintiffs.

XVI.

## DECLARATORY RELIEF REQUESTED

Plaintiffs request that the Court declare that the allegations made in the underlying lawsuit are covered under the insurance policy described above and that Defendants owe a duty to Plaintiffs to adequately and properly defend them in the lawsuit brought against them by Joel Flores identified above.

## ACTUAL DAMAGES

XVII.

As a producing and proximate cause of the misconduct of Defendants, Plaintiffs herein have been damaged in an amount in excess of the jurisdictional limits of this Court.

## ATTORNEY'S FEES

XVIII.

Plaintiffs herein state that they are entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Prac. & Rem. Code §38.001 and Tex. Prac. & Rem. Code §37.009.

## PRE-JUDGMENT INTEREST

XIX.

Plaintiffs seek to recover pre-judgment interest pursuant to all applicable laws.

## JURY DEMAND

XX.

Plaintiffs hereby request a trial by jury.

CERTIFIED COPY

<u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs recover their actual damages, statutory damages, pre-judgment interest, attorneys' fees, interest, costs, and for such other and further relief to which Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

Norton A. Colvin, Jr.
Attorney-in-Charge
State Bar No. 04632100
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

OF COUNSEL:

John R. Wallace
Paul P. Creech
Wallace, Creech & Sarda, L.L.P.
Post Office Box 12085
Raleigh, North Carolina 27605
(919) 782-9322
(919) 782-8113 - Fax

ATTORNEYS FOR PLAINTIFFS,
NOVOPHARM HOLDINGS, INC.
AND NOVOPHARM LIMITED



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____, DEPUTY

Case 1:02-cv-00016   Document 1   Filed in TXSD on 02/01/2002   Page 13 of 17

JAN 1 4 2002

itation for Personal Service   - BY CERTIFIED MAIL     Lit. Seq 5,001.01

No. 2001-02-000750-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 A.M. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.

To: LIBERTY INTERNATIONAL CANADA
    STE 3320-131 BAY ST
    P O BOX 744, BCE PLACE
    TORONTO, ONTARIO M5J2T3

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 357th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said _____ PETITION _____ was filed on
FEBRUARY 13, 2001.  A copy of same accompanies this citation.

The file number of said suit being No. 2001-02-000750-E.

The style of the case is:

NOVOPHARM HOLDINGS, INC. AND NOVOPHARM LIMITED
VS.
LIBERTY INTERNATIONAL CANADA, ET AL

Said petition was filed in said court by _____ HON. NORTON A. COLVIN, JR. _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
P.O. BOX 2155 BROWNSVILLE TX. 78520

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 4th day of JANUARY, A.D. 2002.

_____ AURORA DE LA GARZA _____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78520

By: _____ Deputy

| | |
|---|---|
| **ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE** | **CERTIFICATE OF DELIVERY OF MAIL** |

**ATTACH RETURN RECEIPTS WITH**
**ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2):  The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

---

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the __4th__ of

__JANUARY 2002__, I mailed to

__LIBERTY INTERNATIONAL CANADA__

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  __1461476168__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By: _____, Deputy

Citation for Personal Service  - BY CERTIFIED MAIL      Lit. Seq. # 5.004.01

No. 2001-02-000750-E

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  I
you or your attorney do not file a written answer with the clerk who issued th
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may
taken against you.

TO: LIBERTY MUTUAL INSURANCE COMPANY
    13 RIVERSIDE RD
    WESTON MASSACHUSETTS
    02493

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 357th Judicial District of Cameron County, Texas at the Courthouse of sa
county in Brownsville, Texas.  Said _____PETITION_____ was filed on
FEBRUARY 13, 2001 .  A copy of same accompanies this citation.

The file number of said suit being No. 2001-02-000750-E.

The style of the case is:

NOVOPHARM HOLDINGS, INC. AND NOVOPHARM LIMITED
VS.
LIBERTY INTERNATIONAL CANADA, ET AL

Said petition was filed in said court by _____HON. NORTON A. COLVIN, JR.
(Attorney for _____PLAINTIFF_____), whose address is
P.O. BOX 2155 BROWNSVILLE  TX.  78520

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 4th day of JANUARY , A.D. 2002.

Case 1:02-cv-00016   Document 1   Filed in TXSD on 02/01/2002   Page 16 of 17

**AURORA DE LA GARZA**, **DISTRICT CLERK**
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____, Deputy

Case 1:02-cv-00016   Document 1   Filed in TXSD on 02/01/2002   Page 17 of 17

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
| --- |

**Rule 106 (a)(2):** The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

**Sec. 17.027, Rules of Civil Practice and Remedies Code,** if not prepared by Clerk of Court.

NAME OF PREPARER                    TITLE

ADDRESS

CITY              STATE          ZIP

## CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the __4th__ of __JANUARY__ __2002__, I mailed to __LIBERTY MUTUAL INSURANCE COMPANY__

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __1461476151__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__ District Clerk
Cameron County, Texas

By:_____ Deputy