6

FEB 0 8 2002

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| NOVOPHARM HOLDINGS, INC. and | § | |
| NOVOPHARM LIMITED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-016 |
| | § | |
| LIBERTY INTERNATIONAL CANADA | § | |
| and LIBERTY MUTUAL INSURANCE | § | |
| COMPANY | § | |

**ORIGINAL ANSWER**
**OF**
**LIBERTY INTERNATIONAL CANADA AND**
**LIBERTY MUTUAL INSURANCE COMPANY**
**(FILED SUBJECT TO THEIR MOTION TO DISMISS**
**PURSUANT TO FORUM NON CONVENIENS)**

TO THE HONORABLE COURT:

LIBERTY INTERNATIONAL CANADA ("LIC") and LIBERTY MUTUAL INSURANCE

COMPANY ("LMIC") file their Original Answer to Plaintiff's Original Petition, subject to their

motion to dismiss pursuant to forum non conveniens, and would respectfully respond to each

allegation in said petition as follows:

**INTRODUCTION**

I.

First paragraph requires no response, although Defendants deny all allegations of
wrongdoing.

All allegations in second paragraph are denied.

31626.1

## THE PARTIES

### II.

In response to first paragraph, unable to admit or deny whether Plaintiff Novopharm Holdings, Inc. is a corporation duly formed and organized under the laws of the State of Delaware; admit that Plaintiff Novopharm Holdings, Inc. is an "insured organization" as defined in paragraph 28.9 of the policy in question; otherwise, deny.

In response to second paragraph, admit that Plaintiff Novopharm Limited is a corporation duly formed and organized under the laws of Canada; admit that Plaintiff Novopharm Limited is an "insured organization" as defined in paragraph 28.9 of the policy in question; otherwise, deny.

### III.

In response to first paragraph, deny that Defendant Liberty International Canada is an insurance company organized under the laws of Canada or does business throughout the State of Texas; admit only that LIC is a division of LMIC and maintains its principle place of business in Toronto, Ontario, Canada; deny that service of process is proper on the address provided.

In response to second paragraph, admit that Defendant Liberty Mutual Insurance Company is an insurance company and does business in the State of Texas; deny that service may be properly effected at the address provided.

### IV.

All allegations in this paragraph are denied.

## VENUE

### V.

Admit that TEX.CIV.PRAC. & REM. CODE §15.032 states that certain insurance suits may be

2

brought in the county where the loss has occurred; deny that Cameron County is a proper venue for the reasons stated in Defendants' motion to dismiss pursuant to forum non conveniens.

## DESCRIPTION OF INSURANCE POLICY

### VI.

Admit that the insurance policy in question in this coverage dispute is Directors and Officers Insurance Policy No. LN1-B71-070268-039 (hereinafter the "Liberty Policy"); admit that the Liberty Policy was effective 2/28/99, but deny that it expired on 12/31/99 because the policy period was extended by endorsement through June 1, 2000; admit that Plaintiffs were "insured organizations" as defined in paragraph 28.9 of the Liberty Policy; otherwise, deny.

## THE UNDERLYING DAMAGE SUIT AGAINST PLAINTIFF

### VII.

Admit allegations in first sentence. Deny allegations in second sentence. Unable to admit or deny allegations in third and fourth sentences.

### VIII.

In response to first sentence, admit that the subject lawsuit was reported to LIC on or about May 4, 2000. In response to second sentence, admit that, on or about August 24, 2000, LIC, by letter to counsel for Plaintiffs, fully reserved its rights, including its right to deny policy coverage, in relation to the applicability, if any, of the Liberty Policy to the claims advanced in the subject lawsuit; otherwise, deny. Admit allegations in third sentence. Deny allegations in fourth sentence.

### IX.

Unable to admit or deny allegations of first sentence. In response to allegations in second

3

31626.1

sentence, admit that Defendants have declined to defend or fund the Plaintiffs in the referenced case because there is no duty to defend or coverage afforded under the Liberty Policy. Deny the allegations in the third sentence.

## X.

Deny all allegations in this paragraph.

## CAUSES OF ACTION

## XI.

## NEGLIGENCE

Defendants deny that they were negligent or grossly negligent, or that Plaintiffs have incurred any damages as a result of any alleged act or omission by Defendants.

## XII.

## BREACH OF CONTRACT

Defendants deny that they breached the Liberty Policy, or that Plaintiffs have incurred any damages as a result of any act or omission by Defendants.

## XIII.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

Defendants deny that they have violated any provision of the Texas Deceptive Trade Practices -- Consumer Protection Act ("DTPA"), or that Plaintiffs have incurred any damages as result of act or omission by Defendants.

## XIV.

## VIOLATIONS OF ART. 21.21. TEXAS INSURANCE CODE

Defendants deny that they have violated any provision of the Texas Insurance Code, or that

4

31626.1

Plaintiffs have incurred any damages as a result of any act or omission by Defendants.

XV.

## BREACH OF DEFENDANT'S (SIC) DUTY OF GOOD FAITH AND FAIR DEALING

Defendants deny that they owed Plaintiffs any duty of good faith and fair dealing, that Defendants breached any such duty, or that Plaintiffs have incurred any damages as a result of any act or omission by Defendants.

XVI.

## DECLARATORY RELIEF REQUESTED

Defendants deny that Plaintiffs are entitled to the requested declaratory relief.

## ACTUAL DAMAGES

XVII.

Defendants deny that Plaintiffs have incurred any damages as a result of any act or omission by Defendants.

## ATTORNEY'S FEES

XVIII.

Defendants deny that Plaintiffs are entitled to recover attorneys' fees in this action.

## PRE-JUDGMENT INTEREST

XIX.

Defendants deny that Plaintiffs are entitled to recover pre-judgment interest in this action.

## JURY DEMAND

XX.

No response required.

## PRAYER

Defendants generally deny that Plaintiffs are entitled to any relief as requested.

5

31626.1

# AFFIRMATIVE DEFENSES

1.     Defendants plead and assert that the sole law of the insurance contract in relation to the Liberty Policy is the law of the province of Ontario, Canada, and that the substantive law of the Province of Ontario, Canada, solely applies to the interpretation and construction of the Liberty Policy.

2.     Defendants plead and assert that the Court in Ontario, Canada would be the most convenient and appropriate forum for the adjudication of the rights and obligations of the parties in relation to the Liberty Policy for, amongst others, the following grounds:

> (a)     this action pertains to an insurance contract negotiated, underwritten, brokered, concluded, sold, issued, delivered and paid for solely in the Province of Ontario;
>
> (b)     this action pertains to a dispute between an insurance contract issued by an Ontario organization, Defendant LIC, in favor of an Ontario insured entity, Plaintiff Novopharm Limited, and the Directors and Officers serving the Ontario insured entity;
>
> (c)     this action requires the application of Ontario law to determine the rights between Ontario parties;
>
> (d)     any obligations arising from the Ontario-based insurance contract are payable in Ontario in Canadian currency.

Accordingly, for all of the foregoing reasons, this action should be dismissed pursuant to the doctrine of forum non conveniens.

3.     Defendant LIC denies it is liable in the capacity in which it is sued because LIC is not a separate corporation but a division of LMIC.

4.      In the event that it is determined that Texas law governs this dispute (which is denied by Defendants), Plaintiffs have failed to state a claim upon which relief can be granted with regard to their alleged cause of action for "breach of duty of good faith and fair dealing" because no such cause of action is recognized under Texas law in the context of third-party insurance claims. *See Maryland Ins. Co. v. Head Ind.*, 938 S.W.2d 27 (Tex. 1997).

5.      In the event that it is determined that Texas law governs this dispute (which is denied by Defendants), Plaintiffs have failed to state a claim upon which relief can be granted with regard to their alleged causes of action for violations of the Texas Insurance Code or DTPA because no such causes of action are recognized under Texas law in the context of third-party insurance claims. *See Maryland Ins. Co. v. Head Ind.*, 938 S.W.2d 27 (Tex. 1997).

6.      In the event that it is determined that Texas law governs this dispute (which is denied by Defendants), Plaintiffs have failed to state a claim upon which relief can be granted with regard to their alleged cause of action for "negligence" and "gross negligence" because no such causes of action are recognized under Texas law in the context of third-party insurance claims. *See Maryland Ins. Co. v. Head Ind.*, 938 S.W.2d 27 (Tex. 1997).

7.      Plaintiffs have failed to give proper notice of their claims under the Texas Insurance Code and DTPA.

8.      Defendants deny that Plaintiffs are "consumers" under the DTPA or have standing to sue under that statute.

9.      Defendants invoke and rely upon all of the Terms, Provisions, Limitations and Conditions and Exclusions contained in the Liberty Policy, and would assert that, pursuant to such Terms, Provisions, Limitations and Conditions and Exclusions, no coverage is afforded under the Liberty Policy for the claims asserted in Cause No. 2000-03-973-D, *Joel Flores, ind.,*

7

31753 1

*et al. v. Certus Healthcare, LLC, et al.*, in the 103rd Judicial District Court of Cameron County, Texas, and the subsequent removed action relating to same (hereinafter the "Flores Action").

10.      Specifically and without waiver of any other applicable policy defenses, Defendants plead and assert that the remedies sought in the Flores Action do not fall within the Liberty Policy Insuring Agreement, and as such, do not provide policy coverage.  The Liberty Policy Insuring Agreement states as follows:

> 1.  **Insuring Agreement**:  In respect of a **loss** resulting from a **wrongful act** which a **director(s)/officers(s)** becomes legally obligated to pay on account of any **claim** first made against him during the **policy period** and reported to Liberty International Canada during the **policy period** or **discovery period**, Liberty International Canada shall pay:
>
> 1.1   on behalf of the **director(s)/officer(s)**, as and to the extent permitted or required by the applicable law, the **loss** for which the **director(s)/officer(s)** are not indemnified by the **insured organization**; and
>
> 1.2  on behalf of the **insured organization**, the **loss** for which the **insured organization** has granted indemnification to such **director(s)/officer(s)** as and to the extent permitted or required by the applicable law."
>
> (herein the "Insuring Agreement").

11.      Specifically, and without waiver of any other applicable policy defenses, Defendants plead and assert that the operative pleading in the Flores Action, being the First Amended Complaint, does not advance a claim for a Loss resulting from a Wrongful Act against any Directors or Officers, and certainly not against the Directors and Officers of the Plaintiffs, necessary to activate the Insuring Agreement, as the terms "director(s)/officers," "loss" and "wrongful act" are defined in paragraphs 28.5, 28.10 and 28.17 of the Liberty Policy.

8

12.     Specifically, and without waiver of any other applicable policy defenses, Defendants deny that Plaintiff Novopharm Holdings, Inc. is a Director or Officer, in accordance with the Liberty Policy.

13.     Specifically, and without waiver of any other applicable policy defenses, Defendants deny that Plaintiff Novopharm Holdings, Inc. is sued in the Flores Action as a Director or Officer.

14.     Alternatively, and without waiver of any other applicable policy defenses, in the event that Plaintiff Novopharm Holdings, Inc. is found to have been sued in the Flores Action in its capacity as a Director or Officer of Novopharm Limited or any of its subsidiaries, which is not admitted but rather specifically denied, then the Liberty Policy does not provide Directors' and Officers' insurance coverage to Plaintiff Novopharm Holdings, Inc. on, amongst others, the following grounds:

(a) the Flores Action does not seek, as against Plaintiff Novopharm Holdings, Inc., a Loss resulting from a Wrongful Act, as those terms are defined by sections 28.10 and 28.17 of the Liberty Policy;

(b)     In the alternative, if the Flores Action does seek, as against Novopharm Holdings, Inc., a loss resulting from a wrongful activity, which is not admitted but rather denied, such loss arises directly from the allegation that Novopharm Holdings, Inc., in its capacity as a shareholder, failed to fund properly Certus Healthcare LLC, thereby resulting in a loss to the Plaintiffs in the Flores Action. This claim does not activate the Insuring Agreement contained in the Liberty Policy.

(c)     No policy coverage is available to Novopharm Holdings, Inc. as the claims advanced in the Flores Action as against Novopharm Holdings, Inc. seeks

9

damages in its personal capacity and, as such, does not activate the Insuring Agreement of the Liberty Policy;

(d)     Defendants have no duty to indemnify Novopharm Holdings, Inc. in relation to the claims advanced in the Flores Action, as the Flores Action seeks recovery in whole, or alternatively, in part, for circumstances that result from or are contributed to by alleged fraud or dishonesty. Liberty Policy Exclusion 2.1 specifically excludes policy coverage in relation to a claim resulting from or contributed to by fraud or dishonesty.

15.    Specifically, and without waiver of any other applicable policy defenses, Defendants plead and assert that the Liberty Policy does not provide any coverage for any loss based in whole or in part on an actual or alleged violation of the *Employee Retirement Income Security Act* (herein "ERISA"). To the extent that the Flores Action constitutes a complaint on behalf of a subclass for all members whose policy or plan with Certus Healthcare LLC constituted an ERISA plan, no policy coverage is available in accordance with Liberty Policy Exclusion 2.5.

16.    Specifically, and without waiver of any other applicable policy defenses, Defendants plead and assert that Endorsement No. 3 of the Liberty Policy specifically provides that no policy coverage is available for any claim arising out of, or in any way resulting from the rendering of, or the failure to render, professional services for others. To the extent that the Flores Action seeks damages resulting from the rendering of professional services for others, there is no available policy coverage.

17.    Specifically, and without waiver of any other applicable policy defenses, Defendants plead and assert that the definition of "Loss" contained in the Liberty Policy, and in

10

particular section 28.10 thereof, specifically excludes coverage for fines, penalties or amounts uninsurable by law, which prevents policy response in relation to claims for punitive, exemplary or any other multiple damages.

18.     Specifically, and without waiver of any other applicable policy defenses, Defendants plead and assert that Plaintiffs have no liability or, alternatively, liability exposure in the Flores Action that would give rise to a duty to indemnify on the part of Liberty Canada.

19.     Specifically, and without waiver of any other applicable policy defenses, Defendants plead and assert in particular, that any exposure presented by the Flores Action is exposure at the instance of Plaintiffs, which are not entitled to indemnity under the Liberty Policy.

20.     Specifically, and without waiver of any other applicable policy defenses, Defendants plead and assert that any liability or liability exposure on the part of Novopharm Holdings, Inc. in the Flores Action is as a result of wrongful activities in mixed capacities and, for this reason alone, does not have policy coverage.  Wholly in the alternative, Defendants plead and assert that as respects any liability or liability exposure of Plaintiffs resulting from wrongful activities of Novopharm Holdings in mixed capacities, Defendants are entitled a fair and equitable allocation of any legal defense costs and/or indemnity amounts between any such covered loss and any such uncovered loss or payment.

WHEREFORE, Defendants LIC and LMIC request that this Court dismiss this action pursuant to the doctrine of forum non conveniens; or in the alternative, that Plaintiffs' claims and causes of action be dismissed on the merits, that Plaintiffs take nothing on such claims and causes of action, and that LIC and LMIC recover their costs and attorney's fees, and be awarded

31753.1

such other relief, both general and special, at law and in equity, to which this Court finds LIC and LMIC entitled.

Respectfully submitted,

By: _____
Martin S. Schexnayder
Federal I.D. No. 15146
State Bar No. 17745610

Attorney-in-Charge for Defendants
Liberty International Canada and Liberty
Mutual Insurance Company

OF COUNSEL:

WILSON, ELSER, MOSKOWITZ,
     EDELMAN & DICKER, LLP

6363 Woodway, Suite 750
Houston, Texas 77057
713/785-7778
713/785-7780 – Fax

Ruben R. Pena
State Bar No. 15740900
222 W. Harrison
Harlingen, Texas 78550
956/412-8200
956/412-8282 – Fax

12

31753.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this _____ day of February 2002.

**Plaintiffs' Attorney:**

Norton A. Colvin, Jr.                              *Delivered Certified Mail/RRR*
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2156
Brownsville, Texas 78520

Martin S.-Schexnayder

31753 1