# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVOPHARM HOLDINGS, INC. and | § | |
| NOVOPHARM LIMITED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-016 |
| | § | |
| LIBERTY INTERNATIONAL CANADA | § | |
| and LIBERTY MUTUAL INSURANCE | § | |
| COMPANY | § | |

## MOTION TO DISMISS
## PURSUANT TO FORUM NON CONVENIENS

TO THE HONORABLE COURT:

LIBERTY INTERNATIONAL CANADA (hereinafter "LIC") and LIBERTY MUTUAL

INSURANCE COMPANY (hereinafter "LMIC") file this motion to dismiss pursuant to the doctrine

of forum non coveniens, and in support thereof, would show the following:

### BASIS OF MOTION

This is an insurance coverage dispute involving an insurance policy that was negotiated,

underwritten, bound, sold, issued and delivered in Ontario, Canada to a Canadian corporation. A

declaratory judgment action involving these same parties and issues in controversy has already been

initiated in Ontario Superior Court. All material witnesses, documents and records pertinent to the

procurement and issuance of the policy are located in Canada. Canadian law will govern this

dispute. None of the parties reside or have a place of business in South Texas. Judicial economy

and convenience of the parties, therefore, suggest that this matter should be resolved in Canadian

court. Therefore, LIC and LMIC move to dismiss this case on the grounds of forum non conveniens.

## 2.

## FACTORS TO BE CONSIDERED

"Forum non conveniens is a common law doctrine. It allows a court having jurisdiction over the subject matter and parties to decline to exercise its jurisdiction over the subject matter and parties where litigation in the forum would be seriously inconvenient for one of the parties and a more convenient forum is available elsewhere." Hittner, RUTTER GROUP PRACTICE GUIDE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, FIFTH CIR. EDITION §4:314. The factors a court should consider in deciding a forum non conveniens challenge are as follows:

**Availability of adequate forum:** The first requirement is that an alternative forum be available in the foreign country. *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 254 (1981). An alternative forum is available and adequate for purposes of the doctrine forum non coveniens if the parties are subject to jurisdiction and the parties will not be deprived of all remedies or treated unfairly. *In Re: Aircrash Disaster Near New Orleans.* 821 F.2d. 1147, 1164-1165 (5th Cir. 1987), *vacated on other grounds sub. nom, Pan Am World Airways v. Lopez,* 490 U.S. 1032 (1989). An alternative forum is not inadequate simply if the foreign court may apply substantive law less favorable to plaintiff, *Piper Aircraft Company v. Reyno*, 454 U.S. at 254, or provides a different range of remedies for the same misconduct. *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991).

**Choice of Law:** Second, in deciding whether to stay or dismiss a case for forum non conveniens, the District Court must determine which country's law should apply to the merits of the case. *Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd.*, 918 F.2d 1446, 1449 (9th Cir. 1990). Even if a remedy under foreign law is otherwise inadequate, if a foreign court's choice of law rules

allow the application of U.S. law, the remedy is sufficient. *Creative Technology, Ltd. v. Aztech System PTE, Ltd.*, 61 F.3d 696, 703 (9th Cir. 1995).

**Balance "private" and "public" interest factors:** Third, when considering a forum non conveniens motion, courts should balance additional "private" and "public" interest factors. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947); *American Dredging Co. v. Miller*, 510 U.S. 443, 448-449 (1994). The private interest factors include the relative ease of access to sources of proof, the availability of compulsory process for attendance of unwilling witnesses, the reduced costs of obtaining attendance of willing witnesses, the possibility of viewing the premises, if appropriate, and any practical considerations that make the trial more efficient and less expensive including the enforceability of the judgment, if one is obtained. *Gulf Oil Co. v. Gilbert*, 330 U.S. at 508. The public interest factors include the administrative difficulties arising from congested courts, the imposition of jury duty on people of the community with no relation to the litigation, the local interest in having localized controversies decided at home, the avoidance of unnecessary problems and conflicts of law or the application of foreign law, and the appropriateness of trial in a forum familiar with the law that will govern the case. *Id.*

**3.**

## APPLICATION OF FACTORS IN PRESENT CASE WEIGH IN FAVOR OF DISMISSAL OF ACTION

**a.      Availability of Adequate Forum**

Adequacy of the alternate forum (in this case, Ontario, Canada) is satisfied where there is a showing that the defendant is amenable to service of process there. *Piper Aircraft Co. v. Reyno*, 454 U.S. at 254. Here, there can be no dispute that Defendants are amenable to service in Ontario,

- 3 -

Canada because LIC has already initiated an action in Ontario Superior Court seeking declaratory relief on precisely the same coverage issues presented in this case. (*See* Statement of Claim, between Liberty International Canada, a Division of Liberty Mutual Insurance Company and Novopharm Limited and Novopharm Holdings, Inc., filed in Ontario Superior Court of Justice, attached hereto as Ex. 1). Clearly, LIC is not contesting its amenability to service in Ontario, Canada and has in fact invoked the jurisdiction of the Courts of this Canadian Province on this coverage issue. Further, should Plaintiffs choose to assert their own claim for relief in that proceeding, they have an adequate remedy available since Canadian law, and particularly the law of Ontario, provides a cause of action for breach of contract. *See, e.g., Hayes v. Segue Software, Inc.*, _____ F.Supp.2d _____, 2001 WL 1464708, *3 (N.D. Tex. 2001) (noting that plaintiff would not be deprived of remedies or treated unfairly by litigating contract claim in Canada because Canadian law recognizes cause of action for breach of contract and right to sue for damages resulting from such breach ). Therefore, there is clearly an adequate forum available in Ontario, Canada for the resolution of this dispute.

**b.    Choice of Law**

Canadian law will govern this dispute. The insurance contract made the basis of this lawsuit, Liberty Canada Directors & Officers Insurance Policy No. LN1-B71-070268-039 (the "Liberty Policy"), was applied for, negotiated, brokered, underwritten, bound, issued, delivered and paid for in the Province of Ontario, Canada. (Aff. of Rissa Revin, Ex. 2). Premium payments were paid in Ontario, Canada in Canadian dollars. (Id.) The Parent Organization to whom the policy was issued, Plaintiff Novopharm Limited, is a Canadian corporation, and LIC has its principle place of business in Toronto, Ontario, Canada. (Id.). For all of these reasons, Canada has the more significant relationship to the facts and issues in this dispute and Canadian law will therefore apply. *See, e.g.,*

- 4 -

*Hayes v. Segue Software, Inc.*, 2001 WL 1464708, *6 (Canadian law governed breach of contract claim where contract was signed in Canada and performance of contract was in Canada); *TV-3 Inc. v. Royal Ins. Co.*, 28 F.Supp.2d 407, 420 (N.D. Tex. 1998) (Mississippi law governed insurance coverage dispute brought in Texas where insurance contract was largely negotiated in Mississippi, policy was delivered in Mississippi, premiums were paid in Mississippi, and insured was incorporated and had principal place of business in Mississippi).

c.      **Private and Public Interest Factors**

The private interest factors point to Ontario, Canada as the proper forum.  As noted above, the Parent Organization of the policy is a Canadian corporation.  LIC's principle office is in Toronto, in the Province of Ontario, Canada.  LIC has already initiated an action in Ontario Superior Court seeking a declaration of the rights of the parties concerning this very dispute.  (Statement of Claim, Ex. 1).  All material witnesses to the insurance contract, from its initial underwriting to its sale, as well as documents relating to the purchase of the insurance policy, are located in Toronto, Ontario, Canada.  (Aff. of Rissa Revin, Ex. 2).  Unlike the Ontario Superior Court that has exercised jurisdiction over this matter, this Court does not have jurisdiction to compel any of those witnesses to appear for deposition in trial.  The cost of bringing willing witnesses and representatives of the parties from Canada to Texas would be exorbitant.  All material evidence, which could include reams of documents, is located in Ontario, Canada.  Given the fact that no material witnesses or party representatives reside in Texas, trial scheduling would be made extremely difficult.  In short, litigation in this matter would be far less expensive, more expeditious and more convenient in Ontario, Canada.  *See, e.g., TV-3 Inc. v. Royal Ins. Co.*, 28 F.Supp.2d 407 (in insurance coverage action brought in Texas, transfer to another state was warranted where parties, witnesses and records

- 5 -

were located in that state and transfer would result in significant savings in time and expense of trial).

The public factors point toward bringing this suit in Ontario, Canada as well. The Ontario Superior Court that has exercised jurisdiction over this matter will have greater familiarity with the governing law than this Court. *See, e.g., Hayes v. Segue Software, Inc.*, 2001 WL 1464708, *8 (Fitzwater, J.) ("Canadian courts are better able to understand and apply their own laws than are Texas courts, even when the remedies under the two sets of law are comparable"). In the event that this matter goes to a jury, a Canadian jury will have a far greater interest in this case than a South Texas jury. *Gulf Oil*, 330 U.S. at 508-09 ("jury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation"). All material witnesses, parties and evidence are in Canada. Trial of this dispute in South Texas would add unnecessary expense and burden on all parties. For all of these reasons, this case should be allowed to proceed in the Superior Court of Ontario, and this action should be dismissed. *See Hayes v. Segue Software, Inc.*, 2001 WL 1464708 (dismissing breach of contract action brought in Texas court on grounds of forum non conveniens where majority of public interest factors favored litigation in a Canadian court).

WHEREFORE, for all of the reasons stated herein, Liberty International Canada and Liberty Mutual Insurance Company request that this Court grant its motion to dismiss for forum non conveniens and dismiss Plaintiffs' claims and causes of action against Defendants accordingly.

- 6 -

Respectfully submitted,

Martin S. Schexnayder
State Bar No. 17745610

Attorney-in-Charge for Defendants
Liberty International Canada and Liberty
Mutual Insurance Company

OF COUNSEL:

WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP

6363 Woodway, Suite 750
Houston, Texas  77057
713/785-7778
713/785-7780 - Fax

Ruben R. Pena
State Bar No. 15740900
222 W. Harrison
Harlingen, Texas  78550
956/412-8200
956/412-8282 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on this the 8th day of February, 2002.

**Plaintiffs' Attorney:**

Norton A. Colvin, Jr.                          *Delivered Certified Mail/RRR*
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2156
Brownsville, Texas 78520

Martin S. Schexnayder

- 7 -

31276.1

# EXHIBIT 1

Case 1:02-cv-00016   Document 7   Filed in TXSD on 02/08/2002   Page 9 of 27

02CV-224728CM2

Court File No.

## *ONTARIO*
## SUPERIOR COURT OF JUSTICE

B E T W E E N:

LIBERTY INTERNATIONAL CANADA, a Division of
LIBERTY MUTUAL INSURANCE COMPANY

Plaintiff

- and -:

NOVOPHARM LIMITED and NOVOPHARM HOLDINGS, INC.

Defendants

## STATEMENT OF CLAIM

TO THE DEFENDANTS

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the
plaintiff. The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting
for you must prepare a statement of defence in Form 18A prescribed by the Rules of Civil
Procedure, serve it on the plaintiff's lawyer or, where the plaintiff does not have a lawyer,
serve it on the plaintiff, and file it, with proof of service, in this court office, WITHIN
TWENTY DAYS after this statement of claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of
America, the period for serving and filing your statement of defence is forty days. If you are
served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a statement of defence, you may serve and file a notice of
intent to defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you
to ten more days within which to serve and file your statement of defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN
AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF

Case 1:02-cv-00016  Document 7  Filed in TXSD on 02/08/2002  Page 10 of 27

- 2 -

YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

IF YOU PAY THE PLAINTIFF'S CLAIM, and $1,000.00 for costs, within the time for serving and filing your statement of defence, you may move to have this proceeding dismissed by the court. If you believe the amount claimed for costs is excessive, you may pay the plaintiff's claim and $400.00 for costs and have the costs assessed by the court.

Date    February 8, 2002                Issued by _____

                                                    Local registrar

                                        Address of    393 University Avenue
                                        court office   Toronto, Ontario


TO:       NOVOPHARM LIMITED
          30 Novopharm Court
          Scarborough, Ontario
          Canada
          M1B 2K9


AND TO:  NOVOPHARM HOLDINGS, INC.
          Serving its registered agent
          Agents & Corporations, Inc.
          1201 Orange Street
          Suite 600
          Wilmington, Delaware
          19801  USA

- 3 -

# CLAIM

1.     The Plaintiff claims:

      a)     A Declaration that the Plaintiff has fully complied with its duties pursuant to a policy of Directors and Officers Insurance, bearing Policy No. LNI-B71-070268-039 issued to Novopharm Limited for the benefit of the Directors and Officers of Novopharm Limited and its subsidiary companies for the Policy Period from February 28, 1999 to June 1, 2000, in relation to an action advanced against Novopharm Limited and, Novopharm Holdings Inc., in the District Court of Cameron County, 103rd Judicial District, Texas, as case number 2000-03-973-D, which action was subject to removal to the United States District Court for the Southern District of Texas, Brownsville Division, as Civil Action No. B-00-53 (herein the "2000 Flores Action");

      b)     A Declaration that a policy of Directors and Officers Insurance, bearing Policy No. LNI-B71-070268-039, does not require the Plaintiff to provide any insurance coverage to Novopharm Limited or to Novopharm Holdings, Inc. in relation to the 2000 Flores Action;

      c)     A Declaration that a policy of Directors and Officers Insurance, bearing Policy No. LNI-B71-070268-039, does not require the Plaintiff to indemnify Novopharm Limited or Novopharm Holdings, Inc. or any of Novopharm Limited's subsidiary companies, or any of their respective directors and officers in respect of any claims in relation to, or in any way arising from the 2000 Flores Action;

      d)     A Declaration that a policy of Directors and Officers Insurance, bearing Policy No. LNI-B71-070268-039, does not require the Plaintiff to reimburse Novopharm Limited or Novopharm Holdings, Inc. or any of Novopharm Limited's subsidiary companies, or any of their respective

Novopharm Limited's subsidiary companies, or any of their respective

Case 1:02-cv-00016  Document 7  Filed in TXSD on 02/08/2002  Page 13 of 27

- 4 -

directors and officers in respect of any amounts incurred by Novopharm Limited or Novopharm Holdings, Inc. in the defence of the 2000 Flores Action;

e)  In the alternative, a Declaration that a policy of Directors and Officers Insurance, bearing Policy No. LNI-B71-070268-039, requires Novopharm Limited and Novopharm Holdings Inc. to participate and to make contribution by way of a fair and equitable allocation together with the Plaintiff in the legal defence costs and/or indemnity or loss expenditures in relation to, or in any way arising from the 2000 Flores Action;

f)  The costs of this action, including Goods and Services Tax thereon, in accordance with the *Excise Tax Act*, R.S.C. 1995, c. E-15, as amended;

g)  Such further and other relief as this Honourable Court may deem just.

2.      Liberty International Canada (herein "Liberty Canada" or the "Plaintiff") operates throughout Canada as a division of Liberty Mutual Insurance Company, and is registered as a business name in Ontario by Liberty Mutual Insurance Company. Liberty Canada's head office is in Toronto, in the Province of Ontario. Liberty Mutual Insurance Company is licensed to carry on the business of insurance in Ontario.

3.      Novopharm Limited was, at all material times, a public business corporation incorporated pursuant to the laws of Canada and the Province of Ontario, and was traded on the Toronto Stock Exchange. Novopharm Limited has or had at all material times its head office in the City of Toronto, where it carried on its principal business and corporate activities as a leading Canadian generic-drug producer and pharmaceutical manufacturer. Novopharm Limited will be referred to throughout this Statement of Claim as "Novopharm Canada".

4.      Novopharm Holdings, Inc. (herein "Novopharm Holdings") was, at all material times, a public business corporation incorporated pursuant to the laws of the State of Delaware, and was, at all material times, a wholly owned subsidiary of Novopharm Canada.

Case 1:02-cv-00016  Document 7  Filed in TXSD on 02/08/2002  Page 14 of 27

- 5 -

Novopharm Canada and Novopharm Holdings are collectively referred to herein as the "Novopharm Companies".

5.        Liberty Canada issued a policy of Directors and Officers Insurance, bearing Policy No. LNI-B71-070268-039 (herein the "Liberty Policy"), which insured the Directors and Officers of Novopharm Canada and the Directors and Officers of any company of which Novopharm Canada owns more than 50% of the issued and outstanding shares voting in all circumstances whether directly or indirectly through one or more subsidiaries of Novopharm Canada (herein a "Novopharm Canada Subsidiary") for the Policy Period from 12:01 a.m. on February 28, 1999 to 12:01 a.m. on December 31, 1999. By Liberty Policy Extension Endorsement number 15, the Policy Period of the Liberty Policy was extended to June 1, 2000 (herein the "Policy Period").

6.        Liberty Canada pleads and relies upon all of the Terms, Provisions, Limitations, Conditions and Exclusions contained in the Liberty Policy.

7.        Liberty Canada pleads that the Liberty Policy was applied for and negotiated by or on behalf of Novopharm Canada, directly or indirectly through their Ontario-based and Ontario-registered insurance broker or agent, entirely within the Province of Ontario. Further, Liberty Canada pleads that the Liberty Policy was underwritten, concluded, bound, issued, delivered and paid for all within the Province of Ontario.

8.        Liberty Canada pleads that the limits of the Liberty Policy were stated in Canadian currency, and that the premiums owed by Novopharm Canada, in relation to the Liberty Policy, were due and payable in the Province of Ontario in Canadian currency.

9.        Liberty Canada pleads that if there is any coverage under the Liberty Policy for the 2000 Flores Action, which is not admitted but rather denied, any amounts owed by Liberty Canada to Novopharm Canada, or to any of the Defendants, in relation to any obligation owed by Liberty Canada under the Liberty Policy, are due and payable in Ontario in Canadian currency.

10.       Liberty Canada pleads that the sole law of the insurance contract in relation to the Liberty Policy is the law of the Province of Ontario. The Plaintiff further pleads that the

Case 1:02-cv-00016  Document 7  Filed in TXSD on 02/08/2002  Page 15 of 27

- 6 -

substantive law of the Province of Ontario solely applies to the interpretation and construction of the Liberty Policy.

11.        The Plaintiffs further plead and rely upon the *Insurance Act*, R.S.O. 1990, c. I.8 as amended, and in particular section 123 thereof.

12.        Subject to all of its Terms, Provisions, Limitations, Conditions and Exclusions, the Liberty Policy insured the Directors and Officers of Novopharm Canada, and the Directors and Officers of any Novopharm Canada Subsidiary, in relation to any claims first made against such Directors and Officers and first reported to Liberty Canada during the Policy Period.

13.        During the Policy Period, Novopharm Holdings was a Novopharm Canada Subsidiary.

14.        The 2000 Flores Action was commenced on March 1, 2000.

15.        The 2000 Flores Action was first reported to Liberty Canada on May 4, 2000.

16.        By letter dated August 24, 2000, Liberty Canada fully reserved its rights, privileges and defences, including its right to deny policy coverage, in relation to the applicability, if any, of the Liberty Policy to the claims advanced in the 2000 Flores Action.

17.        By letter dated March 22, 2001, Liberty Canada further reserved its rights, privileges and defences, including its right to deny policy coverage, in relation to the applicability, if any, of the Liberty Policy to the claims advanced in the 2000 Flores Action.

18.        By letter dated December 21, 2001, Liberty Canada advised Novopharm Canada that the Liberty Policy does not afford coverage to the Novopharm Companies for the claims asserted in the 2000 Flores Action.

19.        As a result of policy Terms, Provisions, Limitations, Conditions and Exclusions, Liberty Canada pleads that the Liberty Policy does not afford coverage to the Novopharm Companies in relation to the claims asserted in the 2000 Flores Action.

Case 1:02-cv-00016  Document 7  Filed in TXSD on 02/08/2002  Page 16 of 27

- 7 -

20.         The Liberty Policy is a Directors' and Officers' liability policy of insurance, such that it affords coverage only for the wrongful acts attributable to the Directors and Officers of the named insured entity, Novopharm Canada, and for the wrongful acts attributable to the Directors and Officers of the Novopharm Canada Subsidiaries. No policy coverage is available for the wrongful acts attributable to the Novopharm Companies, or any Novopharm Canada Subsidiary.

21.         Alternatively, Liberty Canada pleads that the Novopharm Companies' right to indemnity under the Insuring Agreement of the Liberty Policy is limited to reimbursement of the Novopharm Companies' indemnification of their Directors and Officers, for such Directors' and Officers' wrongful acts, of which there are none.

22.         Liberty Canada pleads that the remedies sought in the 2000 Flores Action do not fall within the Liberty Policy Insuring Agreement, and as such, do not provide policy coverage. The Liberty Policy Insuring Agreement states as follows:

> "1. **Insuring Agreement:** In respect of a **loss** resulting from a **wrongful act** which a **director(s)/officers(s)** becomes legally obligated to pay on account of any **claim** first made against him during the **policy period** and reported to Liberty International Canada during the **policy period** or discovery period, Liberty International Canada shall pay:
>
> 1.1   on behalf of the **director(s)/officer(s)**, as and to the extent permitted or required by the applicable law, the loss for which the **director(s)/officer(s)** are not indemnified by the insured organization; and
>
> 1.2   on behalf of the **insured organization**, the loss for which the **insured organization** has granted indemnification to such **director(s)/officer(s)** as and to the extent permitted or required by the applicable law."

(herein the "Insuring Agreement")

23.         In particular, Liberty Canada pleads that the operative pleading in the 2000 Flores Action, being the First Amended Complaint, does not advance a claim for a Loss resulting from a Wrongful Act against any Directors or Officers, and certainly not against the

- 8 -

Directors and Officers of the Novopharm Companies, necessary to activate the Insuring Agreement, as the terms "director/officer", "loss" and "wrongful act" are defined in paragraphs 28.5, 28.10 and 28.17 of the Liberty Policy.

24.        Liberty Canada denies that Novopharm Holdings is a Director or Officer, in accordance with the Liberty Policy.

25.        Liberty Canada denies that Novopharm Holdings is sued in the 2000 Flores Action as a Director or Officer.

26.        Wholly in the alternative, the Liberty Policy does not provide Directors' and Officers' insurance coverage to Novopharm Holdings on, amongst others, the following grounds:

    (a)    the 2000 Flores Action does not seek, as against Novopharm Holdings, a Loss resulting from a Wrongful Act, as those terms are defined by sections 28.10 and 28.17 of the Liberty Policy;

    (b)    in the alternative, if the 2000 Flores Action does seek, as against Novopharm Holdings, a loss resulting from a wrongful activity, which is not admitted but rather denied, such loss arises directly from the allegation that Novopharm Holdings, in its capacity as a shareholder, failed properly to fund Certus Healthcare LLC, thereby resulting in a loss to the Plaintiffs in the 2000 Flores Action. This claim does not activate the Insuring Agreement contained in the Liberty Policy;

    (c)    No policy coverage is available to Novopharm Holdings as the claims advanced in the 2000 Flores Action as against Novopharm Holdings seeks damages in its personal capacity, or alternatively in its capacity as shareholder of Novopharm Canada or the Novopharm Canada Subsidiaries and, as such, does not activate the Insuring Agreement of the Liberty Policy;

Case 1:02-cv-00016   Document 7   Filed in TXSD on 02/08/2002   Page 18 of 27

- 9 -

> (d)     Liberty Canada has no duty to indemnify Novopharm Holdings in
> relation to the claims advanced in the 2000 Flores Action as the 2000
> Flores Action seeks recovery in whole, or alternatively, in part, for
> circumstances that result from or are contributed to by alleged fraud or
> dishonesty.  Liberty Policy Exclusion 2.1 specifically excludes policy
> coverage in relation to a claim resulting from or contributed to by fraud
> or dishonesty.

27.        Liberty Canada pleads that the Liberty Policy does not provide any coverage
for any loss based in whole or in part on an actual or alleged violation of the *Employee
Retirement Income Security Act* of the United States of America (herein "ERISA").  To the
extent that the 2000 Flores Action constitutes a complaint on behalf of a subclass for all
members whose policy or plan with Certus Healthcare LLC constituted an ERISA plan, no
policy coverage is available in accordance with Liberty Policy Exclusion 2.5.

28.        Liberty Canada pleads that Endorsement No. 3 of the Liberty Policy
specifically provides that no policy coverage is available for any claim arising out of, or in
any way resulting from the rendering of, or the failure to render, professional services for
others.  To the extent that the 2000 Flores Action seeks damages resulting from the rendering
of professional services for others, there is no available policy coverage.

29.        Liberty Canada pleads that the definition of "Loss" contained in the Liberty
Policy, and in particular section 28.10 thereof, specifically excludes coverage for fines,
penalties or amounts uninsurable by law, which prevents policy response in relation to claims
for punitive, exemplary or any other multiple damages.

30.        Liberty Canada pleads that the Novopharm Companies have no liability or,
alternatively, liability exposure in the 2000 Flores Action that would give rise to a duty to
indemnify on the part of Liberty Canada.

31.        In particular, any exposure presented by the 2000 Flores Action is exposure at
the instance of the Novopharm Companies, which are  not entitled to indemnity under the
Liberty Policy.

Case 1:02-cv-00016   Document 7   Filed in TXSD on 02/08/2002   Page 19 of 27

- 10 -

32.      Liberty Canada pleads that any liability or liability exposure on the part of Novopharm Holdings in the 2000 Flores Action is as a result of wrongful activities in mixed capacities and, for this reason alone, does not have policy coverage.  Wholly in the alternative, Liberty Canada pleads that as respects any liability or liability exposure of the Novopharm Companies resulting from the wrongful activities of Novopharm Holdings in mixed capacities, Liberty Canada is entitled to a fair and equitable allocation of any legal defence costs and/or indemnity amounts between any such covered loss and any such uncovered loss or payment.

33.      On or about February 13, 2001, Novopharm Canada and Novopharm Holdings filed a Petition in the District Court, Cameron County, Texas, in the 107th Judicial District, as case number 2001-02-750-A, as against Liberty Canada, asserting various state court causes of action, including a request for a declaration of the rights and obligations of the parties under the Liberty Policy (herein the "Texas Action.").  The Texas Action was not served on Liberty Canada until January 14, 2002.

34.      Liberty Canada pleads that this Honourable Court is the most convenient, and appropriate forum for the adjudication of the rights and obligations of Liberty Canada and the Defendants in relation to the Liberty Policy for, amongst others, the following grounds:

   (a) this action pertains to an insurance contract applied for, negotiated, brokered, underwritten, concluded, bound, issued, delivered and paid for in the Province of Ontario;

   (b) this action pertains to a dispute between an insurance contract issued by an insurer licensed to carry on business in Ontario, Liberty Canada, in favour of an Ontario insured entity, Novopharm Canada, and the Directors and Officers serving the Ontario insured entity;

   (c) this action requires that application of Ontario law to determine the rights between Ontario parties;

   (d) any obligations arising from the Ontario-based insurance contract is payable in Ontario in Canadian currency.

- 11 -

35.          Liberty Canada pleads that in the event that this Statement of Claim must be
served outside of the Province of Ontario, service of the Statement of Claim outside of
Ontario may properly be effected without court order, in accordance with Rule 17 of the
Ontario Rules of Civil Procedure, R.R.O. 1990, Reg. 194, as amended, on the following
grounds:

> (a)    this proceeding consists of a claim or claims in respect of real or
> personal property in Ontario, being the Liberty Policy;
>
> (b)    this proceeding is in respect of a contract made in the Province of
> Ontario, being the contract of insurance reflected in and by all of the
> Terms, Provisions, Limitations, Conditions and Exclusions of the
> Liberty Policy;
>
> (c)    the service of the Statement of Claim on parties outside of Ontario is
> service on parties who are necessary or proper parties to the proceeding
> properly advanced against an Ontario party properly served in Ontario,
> namely Novopharm Canada;
>
> (d)    this proceeding is advanced against parties who ordinarily reside in
> Ontario or ordinarily carry on business in Ontario, as all of the parties
> to this action carry on business, or alternatively carried on business,
> with Novopharm Canada, an Ontario-based corporation.

36.          Liberty Canada proposes that this action be tried at the City of Toronto.

- 12 -

February 8, 2002

O'DONNELL, ROBERTSON & SANFILIPPO
Barristers & Solicitors
Third Floor, Box 99
One Queen Street East
Toronto, Ontario  M5C 2W5

Andrew A. Sanfilippo
LSUC#: 242230
Tel: (416) 216-0253
Fax: (416) 214-0605

Solicitors for the Plaintiff,
Liberty International Canada, a division of
Liberty Mutual Insurance Company

Case 1:02-cv-00016 Document 7 Filed in TXSD on 02/08/2002 Page 22 of 27

02-CU-224728CM

Court File No:

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

Proceeding commenced at Toronto

**STATEMENT OF CLAIM**

**O'DONNELL, ROBERTSON & SANFILIPPO**
Barristers & Solicitors
Third Floor, Box 99
One Queen Street East
Toronto, Ontario M5C 2W5

Andrew A. Sanfilippo LSUC#: 24223O
Tel: (416) 216-0253
Fax: (416) 214-0605

Solicitors for the Plaintiffs, Liberty International
Canada a division of Liberty Mutual Insurance
Company

Served on Fax:

LIBERTY INTERNATIONAL CANADA    and    NOVOPHARM LIMITED, et al.
            Plaintiff                              Defendants

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOVOPHARM HOLDINGS, INC. and    §
NOVOPHARM LIMITED    §
   §
VS.    §     CIVIL ACTION NO. *B-02-016*
   §
LIBERTY INTERNATIONAL CANADA    §
and LIBERTY MUTUAL INSURANCE    §
COMPANY    §

**AFFIDAVIT OF**
**RISSA REVIN**

STATE OF NEW YORK    §
COUNTY OF NEW YORK    §

      BEFORE ME, the undersigned authority, on this day personally appeared Rissa Revin, who upon her oath states as follows:

1.     My name is Rissa Revin. I am over eighteen (18) years of age and fully competent to testify herein. I have never been convicted of a felony or a crime of moral turpitude. All statements herein are true and correct and within my personal knowledge

2.     I am employed by Liberty International Canada ("Liberty Canada") as Vice President, Specialty Casualty Claims. Liberty Canada operates throughout Canada as a division of Liberty Mutual Insurance Company ("Liberty Mutual"), and is registered as a business name in Ontario by Liberty Mutual. Liberty Canada's head office is in Toronto, in the Province of Ontario, Canada.

3.     Liberty Canada has no offices, employees or representatives in Texas, is not an admitted carrier by the Texas Department of Insurance, and is not required to maintain a registered agent for service of process in Texas.

4.     The insurance contract made the basis of this lawsuit, Liberty Canada Directors & Officers Insurance Policy No. LN1-B71-070268-039 (the "Liberty Policy"), was applied for, negotiated, brokered, underwritten, bound, issued, delivered and paid for all in the Province of Ontario, Canada. The premium payments for the Liberty Policy were paid in Ontario in Canadian dollars. The policy's Limits of Liability and Deductible are expressed in Canadian dollars. The Parent Organization to whom the policy was issued, Novopharm Limited, is a Canadian corporation. Any obligations arising from the Liberty Policy are payable in Canadian currency.

5.   All Liberty Canada employees who had any involvement in the negotiation, brokering, underwriting, binding, issuance, and delivery of the Liberty Policy, and the collection of premiums for same, reside in the Province of Ontario, Canada. All records and documents pertinent to the procurement and issuance of the Liberty Policy are likewise located in Ontario, Canada.

_____
Rissa Revin

SWORN to before me by this ___7th___ day of February, 2002.


_____
NOTARY PUBLIC

**JANICE BELLAMY**
Notary Public, State of New York
No. 03-4972586
Qualified in Bronx County
Commission Expires October 1, 2002

- 2 -

1064879 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVOPHARM HOLDINGS, INC. and | § | |
| NOVOPHARM LIMITED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-016 |
| | § | |
| LIBERTY INTERNATIONAL CANADA | § | |
| and LIBERTY MUTUAL INSURANCE | § | |
| COMPANY | § | |

**ORDER GRANTING
MOTION TO DISMISS
PURSUANT TO FORUM NON CONVENIENS**

ON THIS DAY came to be considered the motion of Defendants LIBERTY

INTERNATIONAL CANADA (hereinafter "LIC") and LIBERTY MUTUAL INSURANCE

COMPANY (hereinafter "LMIC") to dismiss this action pursuant to the doctrine of forum non

coveniens. The Court, after considering the merits of said motion, is of the opinion that it should

be GRANTED.

It is, therefore, ORDERED that Plaintiffs' claims and causes of action against LIC and LMIC

are DISMISSED WITH PREJUDICE against the refiling of same in this Court or in any Texas state

district court.

SIGNED this _____ day of _____, 2002.

_____
JUDGE PRESIDING

31734.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| NOVOPHARM HOLDINGS, INC. and | § | |
| NOVOPHARM LIMITED | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-016 |
| | § | |
| LIBERTY INTERNATIONAL CANADA | § | |
| and LIBERTY MUTUAL INSURANCE | § | |
| COMPANY | § | |

## ORDER SETTING HEARING

Plaintiffs' Motion to Dismiss Pursuant to Forum Non Conveniens will be heard in the federal courtroom of the_____, United States Court for the Southern District of Texas, Brownsville Division, Brownsville, Texas, on the ____ day of _____, 2002, at _____ o'clock ____.m.

SIGNED AND ORDERED ENTERED this _____ day of _____, 2002.


_____
JUDGE PRESIDING