*10*

United States District Court
Southern District of Texas
FILED

FEB 2 8 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NOVOPHARM HOLDINGS, INC. and NOVOPHARM LIMITED | * * * | |
| VS. | * * | CIVIL ACTION NO. B-02-016 |
| LIBERTY INTERNATIONAL CANADA and LIBERTY MUTUAL INSURANCE COMPANY | * * * | |

## PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW NOVOPHARM HOLDINGS, INC. and NOVOPHARM LIMITED, Plaintiffs in the above entitled and numbered cause, and file this their Motion to Remand, requesting that this case be remanded to the 107th Judicial District Court of Cameron County, Texas, and in support thereof would show the Court as follows:

I.  FACTUAL BACKGROUND

Plaintiffs filed this declaratory judgment action in the 107th Judicial District Court of Cameron County, Texas against their liability carriers, Liberty International Canada and Liberty Mutual Insurance Company, to recover actual damages for Defendants' negligence and gross negligence in refusing to defend an underlying lawsuit, for breach of contract, for violations of the Texas Deceptive Trade Practices Act, for violations of Art. 21.21, Texas Insurance Code, and for breach of their duty to defend and investigate the underlying lawsuit. Defendant Liberty International Canada was served on January 14, 2002 and Defendant Liberty Mutual Insurance Company was served on January 8, 2002. Defendants thereafter removed this case, claiming federal jurisdiction based on diversity of citizenship.

Plaintiff Novopharm Holdings, Inc. is a corporation, incorporated in the State of Delaware. Plaintiff Novopharm Limited is a corporation duly formed and organized under the laws of Canada.

Defendant Liberty Mutual Insurance Company is a corporation, incorporated in the State of Massachusetts with its principal office in Massachusetts. Defendant Liberty International Canada is an insurance company also organized under the laws of Canada.

Complete diversity does not exist between the adverse parties, and therefore, this case should be remanded to state court.

II.     CONGRESSIONAL POLICY IS TO REMAND CASES WHEN POSSIBLE.

Federal courts are courts of limited jurisdiction, and the authority to remove an action from state to federal court is solely conferred by statute. Removal is generally disfavored, and the courts strictly construe the removal statute in favor of remand and against removal, with all doubts being resolved in favor of remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Federal courts presume that they do not have jurisdiction, *Kokkonen v. Guardian Life Ins. Co.* 511 U.S. 375, 377, 114 S.Ct. 1673 (1994), and therefore, the removing party has the burden of establishing the jurisdictional basis for removal and that procedural requirements are met. *Albonetti v. GAF Corporation-Chemical Group*, 520 F.Supp. 825, 827 (S.D. Tex. 1981). This burden extends to pleading and proving diversity jurisdiction. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

III.    THE PRESENCE OF NON-DIVERSE FOREIGN PARTIES ON BOTH SIDES OF THE LITIGATION DESTROYS DIVERSITY JURISDICTION.

Diversity jurisdiction is rooted in 28 U.S.C. §1332, which provides that a federal district court has original jurisdiction if the matter in controversy exceeds the value of $75,000.00 and is between:

(1)     citizens of different States;

    (2)    citizens of a State and citizens or subjects of a foreign state;

    (3)    citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

    (4)    a foreign state as plaintiff and citizens of a State or of different States.

It has long been held that diversity jurisdiction only exists under 28 U.S.C. §1332 when there is complete diversity between the parties. "This requirement pertains to suits between aliens as well as to suits between citizens." *Field v. Volkswagenwerk AG*, 626 F.2d 293, 296 (3rd Cir. 1980, no writ).

In *Spearing v. National Iron Company*, 770 F.2d 87 (7th Cir. 1985, no writ), the appellate court held that "the cases make clear that there would be no basis for federal jurisdiction if there were Canadians on both sides of the case." *Id.*, at 90. Further, in *Ed and Fred, Inc. v. Puritan Marine Insurance Underwriters Corp.*, 506 F.2d 757 (5th Cir. 1975, no writ), the appellate court held that "the established judicial construction of the general diversity statute requires complete diversity. There is no indication – legislative or judicial – that a deviation from the rule applied in ordinary diversity cases would or ought obtain in a suit brought by an alien." *Id.*, at 758.

In the case at bar, the primary parties are the insurer, Liberty International Canada, and the named insured, Novopharm Limited. Both Defendant Liberty International Canada and Plaintiff Novopharm Limited are Canadian companies. Therefore, since the presence of foreign parties on both sides of the litigation destroys diversity, and further, these foreign parties are not diverse, diversity jurisdiction does not exist.

III.    <u>CONCLUSION</u>.

Because diversity jurisdiction is lacking, this case should be remanded to 107th Judicial District Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this case be remanded to the 107th Judicial District Court of Cameron County, Texas, and for such other and further relief to which Plaintiffs are justly entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Norton A. Colvin, Jr. w/ permission
Attorney-in-Charge                    MCBraton
State Bar No. 04632100
Federal Admissions No. 1941
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

OF COUNSEL:

John R. Wallace
Paul P. Creech
Wallace, Creech & Sarda, L.L.P.
Post Office Box 12085
Raleigh, North Carolina 27605
(919) 782-9322
(919) 782-8113 - Fax

ATTORNEYS FOR PLAINTIFFS,
NOVOPHARM HOLDINGS, INC.
AND NOVOPHARM LIMITED

CERTIFICATE OF CONFERENCE

In compliance with Local Rules, Movant swears that counsel for Plaintiffs conferred by telephone on February 28, 2002 with Martin S. Schexnayder, counsel for Defendants, who is opposed to this motion.

_____
Norton A. Colvin, Jr. w/ permission
                               MCBraton

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Motion to Remand was served upon all counsel of record, to-wit:

>Martin S. Schexnayder
>Wilson, Elser, Moskowitz, Edelman & Dicker LLP
>6363 Woodway, Suite 750
>Houston, Texas 77057
>Attorneys for Defendants Liberty International Canada and Liberty Mutual Insurance Company

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 28th day of February, 2002.

_____
Norton A. Colvin, Jr. *by permission McIntosh*