United States District Court
Southern District of Texas
FILED

FEB 28 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NOVOPHARM HOLDINGS, INC. and  \*
NOVOPHARM LIMITED             \*
                              \*
VS.                           \*    CIVIL ACTION NO. B-02-016
                              \*
LIBERTY INTERNATIONAL CANADA  \*
and LIBERTY MUTUAL INSURANCE  \*
COMPANY                       \*

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FORUM NON CONVENIENS
SUBJECT TO PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW NOVOPHARM HOLDINGS, INC. and NOVOPHARM LIMITED, Plaintiffs in the above entitled and numbered cause, and, subject to and without waiving their Motion to Remand previously filed herein, file this their Response in Opposition to Defendants' Motion to Dismiss Pursuant to Forum Non Conveniens, and in support thereof would show the Court as follows:

I.    FACTUAL BACKGROUND

On or about March 1, 2000, Novopharm Holdings, Inc. and Novopharm Limited, together with Certus Healthcare, L.L.C., David Rodriguez, and Dr. Ashok K. Gumbhir, were named as defendants in a purported class action lawsuit styled: Joel Flores, Individually and On Behalf of All Others Similarly Situated v. Certus Healthcare, L.L.C., Novopharm Limited, David Rodriguez, Dr. Ashok K. Gumbhir, and Novopharm Holdings, Inc. This underlying lawsuit is presently pending before the Honorable United States Magistrate Judge John Wm. Black, as Civil Action No. B-00-053 in the United States District Court for the Southern District of Texas, Brownsville Division. In that cause of action, plaintiff seeks compensation for damages allegedly sustained by him as a

proximate result of alleged negligence and other alleged wrongful acts of the named defendants.

Plaintiffs provided timely notice of the lawsuit to Defendants pursuant to the terms of a Directors and Officers Insurance Policy issued by Defendants. Plaintiffs requested that Defendants tender a defense, in that the allegations in the underlying lawsuit fall within both the "occurrence" definition and "wrongful acts" definition of the insurance policy. However, on August 24, 2000, Defendants forwarded a letter to Plaintiffs, both denying coverage and refusing a defense. On October 13, 2000, Plaintiffs again requested that Defendants review the pleadings and coverage and tender a defense in the underlying lawsuit.

After four months when no response was received from Defendants, on February 13, 2001, Plaintiffs filed this declaratory judgment action in the 107th Judicial District Court of Cameron County, Texas against these liability carriers to recover actual damages for Defendants' negligence and gross negligence in refusing to defend the underlying lawsuit, for breach of contract, for violations of the Texas Deceptive Trade Practices Act, for violations of Art. 21.21, Texas Insurance Code, and for breach of their duty to defend and investigate the underlying lawsuit. However, Plaintiffs continued to attempt to resolve the coverage issue with Defendants, and on February 13, 2001 forwarded a copy of Plaintiffs' Original Petition with a transmittal letter, advising Defendants that no service of process would be requested at that time in anticipation that the Defendants would properly provide a defense in the underlying lawsuit.

When Defendants continued to refuse to tender a defense in the underlying lawsuit, Plaintiffs requested that Defendants be served. Defendant Liberty International Canada was served on January 14, 2002, and Defendant Liberty Mutual Insurance Company was served on January 8, 2002. Defendants thereafter removed this case, claiming federal jurisdiction based on diversity of citizenship, which Plaintiffs deny. Defendants also filed a Motion to Dismiss Pursuant to Forum Non Conveniens, claiming

that this action should be litigated in Canada. Plaintiffs would show the Court that Defendants have wholly failed to meet their burden, and the Motion to Dismiss should be denied, and this case remanded to state court.

II.  ARGUMENT AND AUTHORITIES

A.  THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION.

Plaintiffs would initially show the Court that, contrary to Defendants' assertions, complete diversity of citizenship does not exist in this case, and therefore, this motion is not properly before the Court. In *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), the United States Supreme Court held that "the doctrine of forum non conveniens can never apply if there is absence of jurisdiction." *Id.* at 504. Plaintiffs have filed a Motion to Remand this case and would show that complete diversity is not present among the adverse parties. Therefore, this motion should be denied, and the case remanded.

B.  ALTERNATIVELY, THE DOCTRINE OF FORUM NON CONVENIENS DOES NOT APPLY.

Assuming *arguendo* that this motion is properly before the Court, the central focus of a motion to dismiss based on forum non conveniens is convenience. *Piper Aircraft Company v. Reyno*, 454 U.S. 235, 249, 102 S.Ct. 252 (1981). The burden of proof rests with the defendant and has been described as being a "clear and convincing" standard. *Contact Lumber Company v. P. T. Moges Shipping Company, Ltd.*, 918 F.2d 1446, 1449 (9th Cir. 1990, no writ); *TV-3, Inc. v. Royal Insurance Company of America*, 28 F.Supp. 2d 407 (E.D. Tex. 1998, no writ).

Determining whether dismissal is appropriate based upon forum non conveniens analysis involves a three step process. *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993), *cert. denied*, 508 U.S. 973, 113 (1993). First, the Court must

determine whether an available and adequate forum exists. *Id.* If the court concludes that an alternative forum is available, the second step is for the Court to balance several "private factors" to determine if the factors weigh in favor of dismissal. *In re Air Crash Disaster*, 821 F.2d at 1165. Third, if the Court is not convinced the case should be dismissed after considering the "private factors," the Court must then consider and weigh "public interest factors." *Id.* at 1165. No one private or public interest factor should be given conclusive weight. *Id.* The Court's central focus is convenience. *Id.* As set forth below, application of this analysis to the facts of this case conclusively weighs in favor of denial of Plaintiffs' motion to dismiss.

In *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839 (1947), the United States Supreme Court set out the factors to be considered by the court in a determination of dismissal for forum non conveniens. The private factors include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining the attendance of willing witnesses; possibility of viewing the premises, if appropriate; practical problems that make the trial of the case easy, expeditious and inexpensive; enforceability of the judgment; and plaintiff's choice of forum. *Id.* at 509. Public interest factors to be considered include administrative difficulties from congested courts; jury duty for a community which has no relation to the litigation; local interest in having localized controversy decided in community; and avoidance of problem in conflicts of laws. *Id.* at 510.

### 1. CANADA IS NOT AN ADEQUATE AND AVAILABLE FORUM.

Defendants contend that Ontario, Canada is an adequate forum in which to litigate this insurance dispute and rely on the fact that they have already filed suit against Plaintiffs in Canada. A review of Plaintiffs' Motion to Dismiss reveals that Defendants filed a lawsuit against Novopharm Limited and Novopharm Holdings, Inc. in a Canadian court on February 8, 2002 – a year after the instant lawsuit was filed.

Defendants now attempt to dismiss this case in a blatant attempt to forum shop and maintain their action in Canada, in spite of the fact that the case at bar is the first-filed lawsuit and should be the case to proceed.

Defendants also make the blanket assertion that Canadian law will apply in this litigation. However, Plaintiffs would show that Defendants conduct business in the State of Texas, and the allegations made against them by Plaintiffs include violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code, which are state statutes. There is no basis for Defendants' bald assertion that Texas law will not apply to the facts of this case.

2. THE "PRIVATE FACTORS" HEAVILY WEIGH IN FAVOR OF DENIAL OF THE MOTION TO DISMISS.

The next step in the analysis is for the Court to consider and balance several 'private' interest factors, considering the deference to which the plaintiff's choice of forum is entitled. *In re Air Crash*, 821 F.2d at 1165.

Defendants make global assertions in their Motion to Dismiss that the private factors point to Canada as the proper forum – e.g., Defendants have filed their lawsuit in Canada (although a year after the instant case), "all material witnesses" are in Canada, there would be expense in bringing these witnesses to Texas, "all material evidence" is located in Canada, and trial scheduling in Texas would be difficult. However, Defendants have failed to identify any particular documents which are located in Canada, have failed to weigh the documents' importance to this litigation, and have failed to state the basis of their knowledge of these alleged facts. Further, Defendants have failed to identify any particular witness who is material to this litigation and who is in Canada, have failed to identify the materiality and importance of each anticipated witness' testimony, and have failed to state how many witnesses are allegedly located in Canada rather than the United States. Defendants have failed to demonstrate any cost of witness' travel to the United States and have further failed to demonstrate that the

cost of obtaining testimony of willing witnesses would be lower if the case was tried in Canada. In fact, Defendants have failed to identify even one witness who would be required to travel to the United States other than their own client.

Defendants have also totally failed to mention the fact that the underlying lawsuit upon which Plaintiffs have filed this suit seeking a defense and insurance coverage is filed in the United States District Court for the Southern District of Texas, Brownsville Division. To claim that the instant case has no relation to South Texas, is false and misleading since this is where the litigation arose and is still pending.

Defendants have not provided any information to this Court to sustain their heavy burden to show that the private factors mitigate in favor of a Canadian forum, rather than litigating this matter where Plaintiffs' cause of action arose and the underlying lawsuit is pending.

3. **THE "PUBLIC FACTORS" HEAVILY WEIGH IN FAVOR OF DENIAL OF THE MOTION TO DISMISS.**

Defendants also make global and vague assertions regarding the public factors which allegedly favor dismissal. Defendants state that a Canadian court would be able to understand the law better than this Court, that a Canadian jury would have more interest, and that "all material witnesses, parties and evidence are in Canada." Again, Defendants have totally failed to prove that Canadian law is the proper law to be applied in this case or that another Court would be able to understand the law better than this Court. Defendants have not identified any reason why a Canadian jury would have more interest in a case involving litigation pending in South Texas than a South Texas jury. Defendants have not identified these material witnesses or what evidence is allegedly in Canada and not available in the United States.

The fact remains that the underlying lawsuit is pending in this Division and this District of the United States District Court; the instant case is the first-filed action regarding the insurance policy at issue; the Defendants have submitted themselves to

jurisdiction by entering an appearance in this litigation; the witnesses and evidence regarding the instant case are in this area; Defendants conduct business in the United States and the State of Texas; and Plaintiffs' choice of forum should be given deference when such choice is a proper venue, as in this case.

III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court deny Defendants' motion to dismiss this case, and for such other and further relief to which Plaintiffs are justly entitled.

            Respectfully submitted,

            RODRIGUEZ, COLVIN & CHANEY, L.L.P.

            By: _____
               Norton A. Colvin, Jr. *w/ permission*
               Attorney-in-Charge   *McBatsel*
               State Bar No. 04632100
               Federal Admissions No. 1941
               1201 East Van Buren
               Post Office Box 2155
               Brownsville, Texas 78522
               (956) 542-7441
               Fax (956) 541-2170

OF COUNSEL:

John R. Wallace
Paul P. Creech
Wallace, Creech & Sarda, L.L.P.
Post Office Box 12085
Raleigh, North Carolina 27605
(919) 782-9322
(919) 782-8113 - Fax        ATTORNEYS FOR PLAINTIFFS,
                  NOVOPHARM HOLDINGS, INC.
                  AND NOVOPHARM LIMITED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Pursuant to Forum Non Conveniens Subject to Plaintiffs' Motion to Remand was served upon all counsel of record, to-wit:

>Martin S. Schexnayder
>Wilson, Elser, Moskowitz, Edelman & Dicker LLP
>6363 Woodway, Suite 750
>Houston, Texas 77057
>Attorneys for Defendants Liberty International Canada and Liberty Mutual Insurance Company

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 28th day of February, 2002.

_____
Norton A. Colvin, Jr. *w permission*
*McFatour*