IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NOVOPHARM HOLDINGS, INC. and NOVOPHARM LIMITED | § § § § |
| VS. | § § |
| LIBERTY INTERNATIONAL CANADA and LIBERTY MUTUAL INSURANCE COMPANY | § § § § |

CIVIL ACTION NO. B-02-016

## RESPONSE IN OPPOSITION TO MOTION TO REMAND

TO THE HONORABLE COURT:

LIBERTY INTERNATIONAL CANADA ("LIC") and LIBERTY MUTUAL INSURANCE COMPANY ("LMIC") file this response in opposition to Plaintiffs' motion to remand (subject to Defendants' motion to dismiss pursuant to forum non conveniens), and in support thereof would show the following:

1. Plaintiffs' motion ignores black-letter law. It is well-established in this jurisdiction and elsewhere that, where there is complete diversity of citizenship between the U.S. citizens in a case, as here, the existence of foreign parties on either side does not destroy diversity jurisdiction. *See, e.g., Dresser Industries v. Underwriters at Lloyd's of London*, 106 F.3d 494, 497 (3rd Cir. 1997) (presence of aliens on either side of controversy does not defeat federal jurisdiction where it otherwise exists between U.S. citizens); *Goar v. Compania Peruana de Vapores*, 688 F.2d 417, 420 n.6 (5th Cir. 1982) (28 U.S.C. §1332(a)(3) has the effect of retaining federal jurisdiction when there is complete diversity between the U.S. citizens but there are foreign subjects among the parties on both sides); *Zenith Electronics Corp. v. Kimball Int'l Mnftg.*, 114 F.Supp.2d 764, 769 (N.D. Ill. 2000) (the involvement of aliens from the same alien

1

nation as additional parties on either side or both sides of an action does not destroy diversity in a suit between diverse domestic citizens). For this reason, Plaintiffs' motion is meritless, and should be denied.

2. Plaintiffs not only disregard black-letter law, they cite authorities that are easily distinguishable from the case at bar. For example, in *Spearing v. National Iron Co.*, 770 F.2d 87 (7th Cir. 1985), the court simply stated, in *dicta*, that there would be no federal diversity jurisdiction in a case *in which the only parties were two Canadian corporations*. This is consistent with longstanding U.S. law that two aliens, alone, may not sue each other in U.S. federal court; nowhere does that case hold that there would be no federal diversity jurisdiction if the dispute also concerned U.S. citizens of different states, such as here. *See Zenith Electronics Corp. v. Kimball Int'l Mnftg.*, 114 F.Supp.2d at 768 (cases involving alien v. alien are distinguishable from case involving diverse U.S. citizens and aliens as additional parties). Likewise, the other case cited by Plaintiffs, *Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp.*, 506 F.2d 757 (5th Cir. 1975), is distinguishable because it was a suit filed by an alien corporation, not by a U.S. citizen. *See, e.g., Dresser Industries v. Underwriters at Lloyd's of London*, 106 F.3d at 497, 498 (distinguishing *Ed & Fred, Inc.* because it did not "fit the [same] jurisdictional pigeonhole" as cases involving diverse U.S. citizens). In short, the authorities cited by Plaintiffs simply do not fall within the same factual scenario as the present case, in which courts have found diversity jurisdiction is expressly authorized by statute. *See Allendale Mutual Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993) (when citizens of states are on both sides of litigation and are completely diverse, the presence of aliens on one or both sides of the controversy "fits section 1332(a)(3) to a t"). For this additional reason, Plaintiffs' motion is meritless and should be denied.

WHEREFORE, Defendants LIC and LMIC request that this Court deny the motion to remand and dismiss this action pursuant to the doctrine of forum non conveniens.

Respectfully submitted,

By: *Martin S. Schexnayder by*
Martin S. Schexnayder
Federal I.D. No. 15146
State Bar No. 17745610   *with permission (Ruben R. Pena)*

Attorney-in-Charge for Defendants
Liberty International Canada and Liberty
Mutual Insurance Company

OF COUNSEL:

WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER, LLP

6363 Woodway, Suite 750
Houston, Texas 77057
713/785-7778
713/785-7780 – Fax

Ruben R. Pena
State Bar No. 15740900
222 W. Harrison
Harlingen, Texas '78550
956/412-8200
956/412-8282 – Fax

3

32480.132469.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 5th day of March 2002.

**Plaintiffs' Attorney:**

Norton A. Colvin, Jr.
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Post Office Box 2156
Brownsville, Texas 78520

*Delivered Certified Mail/RRR*

_____ w/ permission
Martin S. Schexnayder

32480.132469.1