IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 3 0 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **NOVOPHARM HOLDINGS and** | § | |
| **NOVOPHARM LIMITED** | § | |
| | § | |
| v. | § | C.A. No. B-02-016 |
| | § | |
| **LIBERTY INTERNATIONAL CANADA** | § | |
| **and LIBERTY MUTUAL** | § | |
| **INSURANCE COMPANY** | § | |

## ORDER

BE IT REMEMBERED that on May ___29___, 2002, the Court **DENIED** Plaintiffs' Motion to Remand [Dkt. No. 10].

Plaintiffs' motion argues that the Court lacks jurisdiction under 28 U.S.C. § 1332 because diversity is destroyed by virtue of foreign parties on either side of the dispute. They cite Spearing v. National Iron Company, 770 F.2d 87 (7th Cir. 1985) ("[T]he cases make clear that there would be no basis for federal jurisdiction if there were Canadians on both sides of the case"). The Spearing court, however, was discussing a specific hypothetical scenario in which no U.S. citizens were involved, and the only parties on either side were Canadians.

That situation is not to be confused with the one before the Court in which there are both foreign parties <u>and</u> U.S. citizens on either side of the controversy. Federal jurisdiction is not destroyed where there are diverse U.S. citizens on both sides, despite involvement of foreign parties on one or both sides. See Goar v. Compania Peruana de Vapores, 688 F.2d 417, 420 n.6 (5th Cir. 1982). Compare Ed & Fred, Inc. v. Puritan Marine Ins. Underwriters Corp., 506 F.2d 757 (5th Cir 1975) (no diversity where suit is brought by foreign corporations against U.S. citizen).

Accordingly, the Motion to Remand is **DENIED**.

DONE this ___29___ day of May, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge