IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| **NOVOPHARM HOLDINGS and NOVOPHARM LIMITED** § § § | |
| v. § | C.A. No. B-02-016 |
| **LIBERTY INTERNATIONAL CANADA and LIBERTY MUTUAL INSURANCE COMPANY** § § § § | |

### ORDER

BE IT REMEMBERED that on May ___30___, 2002, the Court **GRANTED** Defendants' Motion to Dismiss Pursuant to Forum Non Conveniens [Dkt. No. 7].

In their Motion, Defendants argue that this insurance coverage dispute should be adjudicated in Ontario, Canada.

The decision to grant or deny a motion to dismiss for forum non conveniens is within the discretion of the district court. Piper Aircraft Company v. Reyno, 454 U.S. 235, 257 (1981). However, the decision should be an exercise in structured discretion and guided by a specific procedural framework. In re: Aircrash Disaster Near New Orleans, 821 F.2d 1147, 1165 (5th Cir. 1987).

In deciding whether a dismissal for forum non conveniens is warranted, the Court engages in a three-step analysis. The first step is whether an available and adequate forum exists. Piper Aircraft, 454 U.S. at, 249; Aircrash Disaster, 821 F.2d at 1165.

Next, the Court examines private interest factors such as a) the relative ease of access to sources of proof; b) the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; c) probability of opportunity to view the premises, if view would be appropriate to the action;[1] d) other factors involving the ease, speed and expense of trial or the enforceability of a judgment if obtained. Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824, 835 (5th Cir. 1993) citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). Plaintiffs'

---

[1] Because the case concerns insurance coverage and no premises are involved, the Court need not address this factor.

choice of forum is given deference. Id. at 509. No one factor is determinative, and the Court's focus is on convenience overall. Air Crash, 821 F.2d at 1165.

If the private interest factors do not weigh in favor of dismissal, the Court proceeds to the third step of examining "public interest" factors, including administrative difficulties arising from congested courts, the imposition of jury duty on people of the community with no relation to the litigation, the local interest in having localized controversies decided at home, the avoidance of unnecessary problems and conflicts of law or the application of foreign law, and the appropriateness of trial in a forum familiar with the law that will govern the case. Gulf Oil, 330 U.S. at 508.

1.   Availability of Adequate Forum

Adequacy of the alternate forum is satisfied where the defendant is amenable to process in the other jurisdiction. Piper Aircraft, 454 U.S. at 254. In light of the fact that Plaintiffs have also initiated an action in Ontario regarding the same insurance coverage issues present here [Dkt. No. 7 Ex. 1], the Court agrees that Plaintiffs are amenable to service there. Plaintiffs' argument that the case in this Court was filed first does not change the outcome of this step of the inquiry.

2.   Private Interest Factors

Plaintiffs assert that "Defendants have failed to identify any particular witness who is material to this litigation and who is in Canada" and "have failed to identify any particular documents which are located in Canada." Defendants have attached an affidavit of Rissa Revin, Vice President, Specialty Casualty Claims [Dkt. No. 7 Ex. B], which states in part:

> Liberty Canada has no offices, employees or representatives in Texas, is not an admitted carrier by the Texas Department of Insurance, and is not required to maintain a registered agent for service of process in Texas.
> The insurance contract made the basis of this lawsuit . . . was applied for, negotiated, brokered, underwritten, bound, issued, delivered and paid for all in the Province of Ontario, Canada. The premium payments for the Liberty Policy were paid in Ontario in Canadian dollars. The policy's Limits of Liability and Deductible are expressed in Canadian dollars. The Parent Organization to whom the policy was issued, Novopharm Limited, is a Canadian corporation. Any obligations arising

2

from the Liberty Policy are payable in Canadian currency.
All Liberty Canada employees who had any involvement in the negotiation, brokering, binding, issuance, and delivery of the Liberty Policy and the collection of premiums for same, reside in the Province of Ontario, Canada. All records and documents pertinent to the procurement and issuance of the Liberty Policy are likewise located in Ontario, Canada.

Id.

In carrying their burden of invoking the doctrine of <u>forum non conveniens</u> and moving to dismiss in favor of a foreign forum, the Defendants' burden is not as heavy as the Plaintiffs would have the Court believe. "The Supreme Court has held that a moving defendant need not submit overly detailed affidavits to carry its burden, but it must provide enough information to enable the district court to balance the parties' interests." <u>Aircrash Disaster</u>, 821 F.2d at 1164 citing <u>Piper Aircraft</u>, 454 U.S. at 258. The above affidavit meets Defendants' burden, and Plaintiffs have provided no evidence to rebut it.

Moreover, unwilling witnesses in Canada are beyond the reach of the Court's compulsory process, and the cost of bringing willing witnesses and documents associated with the insurance contract from Canada could prove overly burdensome. Defendants have offered evidence to the effect that all its relevant documents and witnesses are there, [Dkt. No. 7 Ex. B] and Plaintiffs have failed to offer any evidence that any witnesses or documents are located in this jurisdiction.

"[I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the Defendant or the Court, dismissal is proper." <u>Piper Aircraft</u>, 454 U.S. at 257. Therefore, even in light of Plaintiffs' choice of forum, the Court concludes that the private interest factors weigh in favor of dismissal. The Court accordingly does not reach the third step in the inquiry. The case is hereby **DISMISSED** pursuant to the doctrine of <u>forum non conveniens</u>.

DONE this ___ day of May, 2002, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge